UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ELLA FELDMAN,

                      Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                                    15-CV-5834 (RRM) (RML)
-against-

BHRAGS HOME CARE, INC.,

                      Defendant.
-----------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Ella Feldman, employee of defendant Bhrags Home Care, Inc. ("Bhrags"), commenced this action on October 9, 2015, alleging that Bhrags violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) (2012), the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 652, and the New York State Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195.1. (Compl. (Doc. No. 1).) Bhrags's alleged violations include the following: (1) failing to pay Feldman overtime wages under the FLSA for work performed in excess of 40 hours in a work week; (2) failing to pay Feldman overtime wages under the NYLL; and (3) failing to provide Feldman with required notices under the WTPA. (*See id.*) On January 28, 2016, Bhrags filed an answer to the complaint. (*See* Answer (Doc. No. 14).) Subsequently, Bhrags moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c).[1] (*See generally* Mot. to Dismiss (Doc. No. 16-1).) For the reasons stated below, Bhrags's motion is granted, and the case is dismissed.

---

[1] In her opposition to Bhrags's motion for judgment on the pleadings, Feldman withdrew her claims under the NYLL and WTPA. (*See* Opp'n to Mot. (Doc. No. 16-3) at 2.) Therefore, this Memorandum and Order will focus only on Feldman's claim under the FLSA.

## BACKGROUND

The following facts are taken from Feldman's complaint and considered to be true for purposes of this motion for judgment on the pleadings. Bhrags, a not-for-profit corporation operating in the state of New York, provides home health care aid services to the elderly and disabled. (*See* Compl. at ¶ 4.) Feldman was employed as a Home Health Aide ("HHA") by Bhrags from in or around 2006 "until January 2015." (*Id.* at ¶ 5.)

Feldman alleges that, during the course of her employment as an HHA, her daily tasks consisted of "provid[ing] home health care aide services – other than companion services – to her assigned patient including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient." (*Id.* at ¶ 15.) According to Feldman, the foregoing services took up more than twenty percent (20%) of the time she spent with her assigned patient. (*Id.*) Feldman was compensated for her work at a base rate of $10.00 per hour. (*Id.* at ¶ 16.)

Feldman alleges that she typically worked approximately fifty-six (56) hours per week, (*id.* at ¶ 14), and that she was wrongfully denied overtime compensation at one and one-half times her base rate of pay for hours worked in excess of forty (40) per week. (*Id.* at 3–5.)[2] Feldman further alleges that Bhrags failed to provide her with required notices of pay rates and other pay-related details at the time of her hire, upon changes to her wages, and every year prior to February 1. (*See id.* at 4). Based upon the foregoing, Feldman claims damages of not less than $31,000. (*Id.* at ¶ 32.)

---

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

## STANDARD OF REVIEW

Pursuant to Rule 12(c), "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only where all material facts are undisputed and "a judgment on the merits is possible merely by considering the contents of the pleadings." *Mennella v. Office of Court Admin.*, 938 F. Supp. 128, 131 (E.D.N.Y. 1996), *aff'd*, 164 F.3d 618 (2d Cir. 1998) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)). In all other respects, a motion brought pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard applicable to a motion under Rule 12(b)(6). *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Thus, the Court's review is limited to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Diamond v. Local 807 Labor-Mgmt. Pension Fund*, No. 12-CV-5559 (RRM) (VVP), 2014 WL 527898, at *1 n.1 (E.D.N.Y. Feb. 7, 2014).

The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## DISCUSSION

### I. Companionship Services Under the FLSA

In 1938, Congress enacted the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . . ." 29 U.S.C. § 202(a); *see Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010). Although the FLSA imposes certain "wage and hour" requirements – including overtime pay requirements – on employers, it also contains numerous exemptions. *See Reiseck* 591 F.3d at 104–05. During Feldman's employment with Bhrags and at all times relevant to Feldman's complaint, the FLSA contained a companionship services exemption, which exempted from its minimum wage and maximum hours requirements any employee who is "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves . . . ." 29 U.S.C. § 213(a)(15).[3]

---

[3] The companionship services exemption was revised by the Department of Labor ("DOL") after Feldman's employment with Bhrags ended. On October 1, 2013, the Department of Labor ("DOL") issued substantial revisions to the FLSA's companionship services exemption. *See* Application of the FLSA to Domestic Service, 78 Fed. Reg. 60,454 (Oct. 1, 2013) (to be codified at 29 C.F.R. pt. 552). These revisions precluded third-party employers, like Bhrags, from claiming the exemption. *See id.*; (Mot. to Dismiss at 3 n.2.) The revisions were intended to go into effect on January 1, 2015. *See id.* 78 Fed. Reg. at 60,494. On October 13, 2015, after reviewing challenges to the validity of the revisions, the Court of Appeals for the District of Columbia upheld the validity of the DOL's revisions and issued a mandate making its opinion effective. *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1088 (D.C. Cir. 2015), *cert. denied*, 136 S. Ct. 2506 (2016); *see also* News Release, Dep't of Labor, Statement on Implementing Minimum Wage, Overtime Protections for Home Care Workers (Oct. 6, 2015), *available at* https://www.dol.gov/opa/media/press/opa/OPA20151992.htm. District courts are split on whether the DOL's revisions were effective on January 1, 2015 or on October 13, 2015, when the circuit court in *Weil* issued its mandate. *See Alves v. Affiliated Home Care of Putnam, Inc.*, No. 16-CV-1593 (KMK), 2017 WL 511836, at 3 (S.D.N.Y. Feb. 8, 2017) (effective October 13, 2015); *Bangoy v. Total Homecare Sols., LLC*, No. 15-CV-573 (SSB), 2015 WL 12672727, at *3 (S.D. Ohio Dec. 21, 2015) (effective October 13, 2015); *but see Dillow v. Home Care Network, Inc.*, No. 16-CV-612 (TSB), 2017 WL 749196, at *2–5 (S.D. Ohio Feb. 27, 2017) (effective January 1, 2015); *Kinkead v. Humana, Inc.*, No. 15-CV-01637 (JAM), 2016 WL 3950737, at *2–3 (D. Conn. July 19, 2016) (effective January 1, 2015).

In her complaint and opposition to Bhrags's motion for judgment on the pleadings, Feldman takes no position on when the revised regulations went into effect. (*See generally* Compl.; Opp'n to Mot.) For that matter, Feldman fails to demonstrate that her last day of employment was after January 1, 2015, and simply provides a vague end date of "January 2015." (*See* Compl. at ¶ 5.) Moreover, in her opposition to Bhrags's motion to dismiss, Feldman does not claim that she is entitled to any overtime for her work in "January 2015," pursuant to the new DOL revisions to the

The Department of Labor ("DOL") regulation in effect during Feldman's employment defined the term "companionship services" as "those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs." 29 C.F.R. § 552.6 (2014); *see* 29 U.S.C. § 213 (a)(15) (leaving the term "companionship services" to be "defined and delimited by regulations of the Secretary [of Labor]"); *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 162 (2007) (finding the DOL's regulation valid and binding). The regulation specifies that companionship services "may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services." 29 C.F.R. § 552.6. In an opinion letter, the DOL provided additional clarification concerning what types of "other similar services" would be included in the exemption:

> [I]t is our opinion that such activities as cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to personal care of the patient and would be they type of household work that would be exempt work for purpose of section 13(a)(15) of the FLSA.

U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter on Fair Labor Standards Act (March 16, 1995), *available at* 1995 WL 1032475 ("DOL Opinion Letter"); *see Torres v. Ridgewood Bushwick Senior Citizens Homecare Council Inc.*, No. 08-CV-3678 (CBA), 2009 WL 1086935, at *3–5 (E.D.N.Y. Apr. 22, 2009) (relying on the DOL Opinion Letter's interpretation of "other similar services").

Companionship services may also include the incidental performance of "general household work," so long as the general household work "does not exceed 20 percent of the total weekly hours worked." 29 C.F.R. § 552.6. "Accordingly, courts distinguish between household

---

companionship services exemption. (*See generally* Opp'n to Mot.) Accordingly, the Court does not reach the question of whether the DOL's revisions were effective on January 1, 2015 or October 1, 2015. The previous version of the DOL regulation, which provides for the companionship services exemption, applies to this cause of action against Bhrags.

work performed during the course of providing 'fellowship, care, and protection' for a patient and 'general household work' unrelated to the provision of [a patient's] care." *Cowell v. Utopia Home Care, Inc.*, No. 14-CV-736 (SIL), 2016 WL 4186976, at *4 (E.D.N.Y. Aug. 8, 2016) ("*Cowell II*"); *see also Severin v. Project Ohr, Inc.*, No. 10-CV-9696 (DLC), 2012 WL 235410, at *5–6 (S.D.N.Y. June 20, 2012) (distinguishing between household work related to the fellowship, care, or protection of a client and "general household work" unrelated to a client); *Torres*, 2009 WL 1086935, at *3 (noting that the DOL regulation differentiates "general household work," which is subject to the twenty percent limitation, and "household work related to the care of the aged or infirm person," which is not). In distinguishing work related to the "personal care" of a patient versus "general household work," the DOL states that "activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a 'trashy' house would be general household work or nonexempt work that is subject to the 20 percent time limitation." DOL Opinion Letter.

In this case, Feldman alleges that she does not provide "companionship services" as defined in 29 C.F.R. § 552.6 because she spends more than twenty percent of her time performing "general household work."[4] (*See* Compl. at 2–4.) However, Feldman's complaint

---

[4] In an affidavit attached to her opposition to Bhrags's motion for judgment on the pleadings, Feldman alleged that she spent "substantially over fifty percent (50%) of [her] time, [on] duties not related to the care of the patient, such as cleaning, doing laundry . . . cleaning kitchen appliances and furniture, shopping, vacuuming and washing floors." (*See* Opp'n to Mot. Aff. (Doc. No. 16-4) at 1.) Feldman's affidavit modifies the allegations in her complaint; however, "a complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss . . . ." *Brownstone Inv. Grp., LLC. v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007); *see Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Because this affidavit was not relied upon, attached to, or incorporated by reference in Feldman's complaint, the Court has given no consideration to its content. *See Brownstone*, 468 F. Supp. 2d at 660.

In the introduction and conclusion of her opposition brief, Feldman makes passing reference to amending the complaint. (*See* Opp'n to Mot. at 2, 5.) However, Feldman asserts no basis whatsoever for any such amendment. Moreover, to the extent that any amendment would be based on the information provided in Feldman's affidavit, that entire factual predicate has been known to Feldman since the inception of the litigation, and neither Feldman nor her counsel provide a reason for why such facts were not pled in support of Feldman's claim.

describes this "general household work" as services "*to her assigned patient* including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient." (Compl. at ¶ 15) (emphasis added). Four of these tasks – doing laundry, cooking, feeding, and bathing the patient – are specifically designated as exempt companionship services in 29 C.F.R § 552.6, which specifies that "household work related to the care of the aged or infirm person" includes "meal preparation, bed making, washing of clothes, and other similar services." Thus, the parties' dispute centers on whether Feldman's other tasks – namely, shopping and cleaning the apartment – constitute exempt companionship services.

In *Torres*, the court granted defendant employer's motion to dismiss, finding that the plaintiff employee's work constituted exempt companionship services because it included cleaning the patient's house, preparing meals, bathing the patient, doing laundry, and changing the bed. *Torres*, 2009 WL 1086935 at *4. The court distinguished exempt companionship services that were related to the care of the patient from nonexempt "heavy cleaning" unrelated to the patient's care. *Id.* at *4–5. In contrast, the court in *Lamur* found that the plaintiff employee's alleged tasks constituted nonexempt "heavy cleaning" that were unrelated to the patient's care. *Lamur*, 2012 WL 3288770 at *3. The court denied defendant employer's motion to dismiss because plaintiff employee alleged she spent one-third of her time on general household duties: "(1) cleaning the refrigerator and oven; (2) processing, separating and removing garbage; and (3) performing general household cleaning, including of external hallways, stairs, and *common areas* and paths to the consumer's residence." *Id.* at *3 (emphasis added); *see also Cowell v. Utopia Home Care, Inc.*, 144 F. Supp. 3d 398, 404 (E.D.N.Y. 2015) ("*Cowell I*") (finding that the plaintiff HHA provided "heavy cleaning" services because she alleged "mopping, vacuuming, and sweeping floors throughout the house," including cleaning common areas that were not utilized by the HHA's patient).

7

Here, unlike the services in *Lamur* and *Cowell I*, Feldman's alleged services of "shopping" and "cleaning the apartment" are related "to her assigned patient," and, thus, do not constitute the same "heavy cleaning" services as defined by the DOL Opinion Letter. Rather, Feldman's services are of the type of companionship services found to be exempt in *Torres*. *See Torres*, 2009 WL 1086935, at *4–5 (finding that "cleaning the client's house" and "running errands for the patient" are exempt companionship services); *see also* DOL Opinion Letter (specifying exempt companionship services as "cleaning the patient's bedroom, bathroom or kitchen, picking up groceries [and] medicine"). Therefore, because none of Feldman's work as alleged in the complaint constitutes "heavy cleaning" unrelated to the care of her patient, Bhrags's motion for judgment on the pleadings is granted, and the complaint is dismissed.

## CONCLUSION

Accordingly, Bhrags's motion for judgment on the pleadings pursuant to Rule 12(c), (Doc. No. 16), is granted, and the case is dismissed. *See* Fed. R. Civ. P. 12(c).

The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
March 10, 2017